

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>DWAYNE L. THOMPSON, | 14 CV 998 |

Plaintiff,

v.

THE CITY OF NEW YORK, a municipal corporation, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER EDWARD A. WASHA (Whose shield number is unknown but who was a member of the 40th Precinct), POLICE OFFICER ADRIAN J. RAMOS (Whose shield number is unknown but who was a member of the 40th precinct), POLICE OFFICER JOSE GORDIAN (Shield No. 019453) "JOHN DOE No. 1" (whose identity is unknown but who is a Detective in the 40th Precinct), and "JOHN DOE No.2" (whose identity is unknown but who is a Detective in the 40th Precinct) all of whom are sued individually and in their official capacities,

Civil Action No. _____

COMPLAINT

RECEIVED FEB 18 2014 U.S.D.C. S.D.N.Y. CASHIER'S

Defendants.

The Plaintiff, DWAYNE L. THOMPSON, complaining of the Defendants by his attorney, RICHARD L. GIAMPA, ESQ., P.C., respectfully shows to this Court and alleges as follows upon information and belief:

## JURISDICTION

1. This federal civil rights action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and pursuant to Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## VENUE

3. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which a substantial part of the events giving rise to Plaintiff's claim occurred.

## PARTIES

4. At all relevant times, Plaintiff was and is a resident of Bronx County, State of New York, Citizen of the United States.

5. At all relevant times, Defendant CITY OF NEW YORK ("CITY") was and is a municipal corporation organized and existing under the laws of the State of New York with its principal offices located at City Hall and One Centre Street, New York, New York.

6. At all times mentioned, the New York City Police Department ("NYPD") was a department or agency of the CITY that was and is responsible for the appointment, training, supervision, promotion and discipline of police officers of the NYPD, including Defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER ADRIAN J. RAMOS, POLICE OFFICER JOSE GORDIAN (Shield No. 019453) "JOHN DOE No. 1", and "JOHN DOE No.2".

7. NYPD Officers POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER ADRIAN J. RAMOS, POLICE OFFICER JOSE GORDIAN (Shield No. 019453) "JOHN DOE No. 1", and "JOHN DOE No.2" are and were at all relevant times herein, officers, employees and agents of the NYPD.

8. The individual defendants are being sued in their individual capacities.

9. The true names and shield numbers of "JOHN DOE No. 1" and "JOHN DOE No. 2" are not currently known to the plaintiff. However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known and (b) that the Law Department should immediately begin preparing defense in this action.

## ADMINISTRATIVE PROCEEDINGS

10. On or about September 17, 2013, pursuant to New York State General Municipal Law § 50-e(1), Plaintiff served Defendant CITY with a Notice of Claim.

11. More than thirty (30) days have elapsed since Plaintiff's Notice of Claim was served on Defendant CITY.

12. Plaintiff appeared and was questioned at an administrative hearing pursuant to New York General Municipal Law Section 50-h on January 8, 2014.

13. This action has been commenced within the one-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1986, within one year and ninety-days after the state law causes of action set forth herein accrued, and within the three year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983.

14. Plaintiff is not barred from bringing the within action in Federal Court and Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## FACTUAL ALLEGATIONS

15. At approximately 1:00 p.m. in the afternoon of April 17, 2013, Plaintiff DWAYNE L. THOMPSON, a 38 year old African-American male, was lawfully parked in his wife's 2005 Honda minivan, when P.O. EDWARD A. WASHA and P.O. ADRIAN J. RAMOS approached him based on an unlawful and pretextual reason and identified themselves as officers and immediately stated to the plaintiff "Where's the weed at?". Plaintiff responded that he did not have any "weed" and did not smoke "weed". Defendant police officers then unlawfully pulled the plaintiff out of his car and searched the vehicle. Plaintiff complied with all of Defendant police officers' demands and presented Defendant police officers' with proper identification to identify himself as DWAYNE L. THOMPSON. After examining Plaintiff's identification and searching his vehicle the defendant officers put Mr. Thompson in handcuffs. No illegal drugs or contraband was recovered from plaintiff's vehicle. Plaintiff stated to the defendant officers that he had done nothing wrong and asked them why he was being arrested.

16. Nevertheless, Defendants ignored Plaintiff's pleas of innocence and proceeded to handcuff and search him without legal cause. The police officers did not recover any contraband from Plaintiff's person or vehicle.

17. Defendants, without probable cause, placed Defendant under arrest and placed him in the back of a police van and was taken to the 40th Precinct, Bronx, New York, where he was held for approximately 35 minutes and verbally berated by P.O. EDWARD A. WASHA and P.O. ADRIAN J. RAMOS and other unknown police officers. Defendant officers falsely stated to the plaintiff that they had found "drugs" in his vehicle. Plaintiff's vehicle did not contain drugs and plaintiff did not commit any criminal offense.

18. Approximately 35 minutes after being placed in a holding cell at the 40th Precinct

Bronx, New York, Defendant officers then placed the plaintiff back into a police van and continued to drive the plaintiff around attempting to make other arrests for approximately 3-4 hours. Plaintiff asked Defendants why he was being driven around for so long, his inquiries were ignored.

19. Approximately 3-4 hours later the plaintiff was brought back to the 40th precinct where the defendants' parked the vehicle and left him sitting in the back of the van for an additional 20 minutes. At no time did the Defendant police officers have any legal cause to detain the plaintiff or drive him around in their police van.

20. Plaintiff was then taken to the 41st precinct where he was processed, fingerprinted and searched. Afterward, as the plaintiff was then being escorted out of the precinct he was recalled back to be fingerprinted, processed and strip searched a second time. After the second processing the plaintiff was then taken back to the 40th precinct to be interrogated.

21. Plaintiff was driven back to the 40th precinct where he was interrogated on the second floor of the precinct by JOHN DOE No. 1 and JOHN DOE No.2. During the interrogation the plaintiff was verbally berated and told that if he didn't give them information to help assist the police in additional arrests they would make sure plaintiff, "gets violated by parole" and they would go to his house and "fuck his wife". The defendants had no lawful reason to arrest and interrogate the plaintiff. The interrogation lasted approximately twenty minutes until he was hurried out of the precinct to central bookings.

22. Plaintiff was unlawfully charged with Penal Law 220.39(1) Criminal Sale of a Controlled Substance in the 3rd Degree, Penal law 220.16(1) Criminal Possession of a Controlled Substance in the 3rd Degree and Penal Law 220.03 Criminal Possession of the Controlled Substance in the 7th Degree. An arraignment was held and bail in the amount of $1500.00 was

6

set for the plaintiff on April 18, 2013.

23. The plaintiff returned to Court on April 23, 2013 for a felony arraignment. The prosecution dropped all felony charges and offered the plaintiff and ACD. Plaintiff did not accept the offer and the case continued as a misdemeanor action charging Mr. Thompson with Penal Law 220.03 Criminal Possession of the Controlled Substance in the 7th Degree. The case was adjourned to May 29, 2013 for conversion.

24. Plaintiff returned to court on the misdemeanor on May 29, 2013 the people were not ready and the case was adjourned to August 2, 2013.

25. Plaintiff returned to court on August 2, 2013 and the misdemeanor was not converted and the case was dismissed upon application by the prosecution.

## LIABILITY OF INDIVIDUAL DEFENDANTS
## P.O. EDWARD A. WASHA,
## P.O. ADRIAN J. RAMOS AND
## P.O. JOSE GORDIAN

26. Upon information and belief, at all times and places described above the defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS improperly detained and arrested plaintiff without justification and violated plaintiff DWAYNE L. THOMPSON'S State and Federal constitutional rights.

27. Upon information and belief, at all times and places described above the defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS negligently, willfully, wantonly and recklessly failed to use the proper protocol for arresting, detaining, housing and transporting plaintiff DWAYNE L. THOMPSON.

28. Upon information and belief, at all times and places described above the

defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS improperly falsified documents, created a bogus criminal complaint and violated plaintiff DWAYNE L. THOMPSON'S State and Federal constitutional rights.

29. Upon information and belief, at all times and places described above the defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS intentionally failed to use the proper protocol for arresting, processing, detaining, housing and transferring plaintiff DWAYNE L. THOMPSON.

30. The individual defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS, through their individual acts and/or omissions, were deliberately indifferent to, and acted in reckless disregard of plaintiff DWAYNE L. THOMPSON'S federal and state constitutional rights, privileges and immunities and directly caused plaintiff DWAYNE L. THOMPSON to suffer the serious and permanent injuries heretofore alleged.

31. The foregoing was occasioned and caused wholly and solely by the willfulness, wantonness, recklessness, negligence, carelessness, unfaithfulness, unskillfulness and unprofessionalism of the defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS, including the "Doctrine of Res Ipsa Loquitur."

32. The foregoing was occasioned and caused wholly and solely by the intentional acts of the defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS including the "Doctrine of Res Ipsa Loquitur."

33.     Upon information and belief, at the times and places mentioned above, the Defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS intentionally and/or negligently inflicted emotional distress upon Plaintiff.

**LIABILITY OF INDIVIDUAL DEFENDANTS WHOSE NAMES ARE NOT KNOWN**

34.     Upon information and belief, at the times and places mentioned above, Defendants, JOHN DOE No. 1 and JOHN DOE No. 2, through their individual acts and/or omissions, were deliberately indifferent to, and acted in reckless disregard of plaintiff DWAYNE L. THOMPSON'S federal and state constitutional rights, privileges and immunities and directly caused plaintiff DWAYNE L. THOMPSON to suffer the serious and permanent injuries heretofore alleged.

35.     Upon information and belief, at all times and places described above the defendants JOHN DOE No. 1 and JOHN DOE No. 2, negligently, willfully, wantonly and recklessly failed to use the proper protocol for arresting, detaining, housing and transporting plaintiff DWAYNE L. THOMPSON.

36.     Upon information and belief, at all times and places described above the defendants JOHN DOE No. 1 and JOHN DOE No. 2 intentionally failed to use the proper protocol for arresting, processing, detaining, housing and transferring plaintiff DWAYNE L. THOMPSON.

37.     Upon information and belief, at all times and places described above the defendants JOHN DOE No. 1 and JOHN DOE No. 2 improperly detained and arrested plaintiff without justification and violated plaintiff DWAYNE L. THOMPSON'S State and Federal constitutional rights.

38.     Upon information and belief, at the times and places mentioned above, the Defendants JOHN DOE No. 1 and JOHN DOE No. 2 intentionally and/or negligently inflicted emotional distress upon Plaintiff.

39.     Upon information and belief, at all relevant times Defendants JOHN DOE No. 1 and JOHN DOE No. 2 participated in, supervised, ratified or tacitly approved the unlawful and malicious arrest, unlawful imprisonment and/or prosecution of Plaintiff.

40.     The Defendants JOHN DOE No. 1 and JOHN DOE No. 2, through their individual acts and omissions, were deliberately indifferent to, and acted in reckless disregard of, Plaintiff's federal and state constitutional rights, privileges and immunities, and directly caused him to suffer the injuries and harm described above.

## LIABILITY OF DEFENDANT CITY OF NEW YORK

41.     Upon information and belief, all of the acts and omissions by the individual Defendants were carried out with full knowledge, consent and cooperation, and under the supervisory authority of Defendant CITY.

42.     Upon information and belief, Defendant CITY by its policy-making agents, servants and employees, authorized, sanctioned and/or ratified these Defendants' wrongful acts and omissions; and/or failed to prevent or stop these acts and omissions; and/or allowed or encouraged these acts and omissions to continue.

43.     Moreover, upon information and belief, the acts and omissions of the individual Defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the CITY, which is implemented by police officers of said CITY, inter alia: to summarily, without efforts to explain or conciliate, punish persons who

question the manner, authority or directives of police officers of the CITY and/or who do not capitulate to every demand, whether proper or improper, made by said officers.

44. Moreover, upon information and belief, the acts and omissions of the individual Defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the CITY, which is implemented by police officers of said CITY, inter alia: to summarily, without justification, physically attack, arrest and/or abuse persons, particularly persons of color, in the absence of any need to resort to physical force.

45. Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and policymaking officers and officials of the NYPD and of the CITY for a substantial period of time.

46. Upon information and belief, despite knowledge of such illegal de facto policies, customs and practices, the supervisory and policy-making officers and officials of the NYPD and of the CITY have not taken steps to terminate these policies, customs and practices; have not disciplined individuals who engage in such customs and practices; have not otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority; and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to, or negligent disregard of, the effect of said policies, customs and practices upon the constitutional rights of persons, particularly persons of color, in the CITY.

47. Upon information and belief, and without limiting the foregoing, the Defendant CITY has specifically failed to terminate said practices in the following manner:

    (a)    Has failed to properly train, instruct, and discipline police officers with regard to probable cause for arrest;

    (b)    Has failed to properly train, instruct, and discipline police officers with regard to their use of interrogation tactics;

(c) Has failed to properly train, instruct and discipline police officers with respect to civilians' First Amendment-protected right to criticize or question police officers' behavior and conduct;

(d) Has failed to properly train, instruct, and discipline police officers with respect to use of their authority;

(e) Has failed to properly train, instruct, and discipline police officers with regard to their duty to protect civilians from another officer's misconduct; and

(f) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers.

48. The knowing and repeated failure of the Defendant CITY to properly supervise, train and discipline said officers actually caused the injuries to Plaintiff alleged herein.

49. Upon information and belief, Defendant CITY knew or should have known that the acts alleged herein would deprive Plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York, including, without limitation, Plaintiff's rights to free speech, freedom from deprivation of liberty without due process of law, freedom from unreasonable seizure, freedom from false arrest and imprisonment, freedom from malicious prosecution, equal protection of the laws, and equal privileges and immunities under the laws.

50. Defendant CITY is also directly liable and responsible for the acts of the individual Defendants under the doctrine of *respondeat superior*.

### FIRST CAUSE OF ACTION
(Constitutional Violations -- 42 U.S.C. § 1983)

51. The Plaintiff DWAYNE THOMPSON hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

52. Defendants, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving

Plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

    (a)    freedom to engage in protected speech;
    (b)    freedom from unreasonable seizure of his person;
    (c)    freedom from being unduly interrogated;
    (d)    freedom from unreasonable use of force on his person;
    (e)    freedom from cruel and unusual punishment;
    (f)    freedom from arrest without probable cause;
    (g)    freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff is aware and to which he did not consent;
    (h)    freedom from the lodging of false charges against him by police officers;
    (i)    freedom from deprivation of liberty without due process of law; and
    (j)    equal protection, privileges and immunities under the laws.

53.    Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION

(Monell Claim Against Defendant CITY for Failure to Train, Supervise and Discipline
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986 )

54.    The Plaintiff DWAYNE THOMPSON hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

55.    Defendant CITY, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to adequately train, supervise and discipline its employees and agents, including the named and unnamed Defendants in this case, regarding civilians' rights of free speech, obtaining probable cause to ensure that civilians not be falsely arrested, falsely imprisoned and maliciously prosecuted.

56. The existence of the aforesaid unconstitutional customs and practices, specifically with regard to the failure to supervise, train, instruct and discipline police officers and encouraging their misconduct, are further evidenced, inter alia, by the following:

(a) The Report of the Commission to Investigate Allegations of police Corruption and Anti-Corruption Procedures of the Police Department, dated July 7, 1994 States

In the face of this problem (of corruption), the NYPD is allowed its systems for fighting corruption virtually to collapse. It has become more concerned about the bad publicity that corruption disclosures generate than the devastating consequences of corruption itself. As a result, its corruption control minimized, ignored and at times concealed corruption rather than root it out. Such an institutional reluctance to uncover corruption is not surprising. No institution wants it reputations tainted - especially a Department that needs the public's confidence and partnership to be effective. A weak and poorly resourced anti-corruption apparatus minimizes the likelihood of such taint, embarrassment and potential harm to careers. Thus there is a strong institutional incentive to allow corruption efforts to fray and lose priority – which is exactly what the Commission uncovered. This reluctance manifested itself in every component of the Department's corruption controls from command accountability and supervision, to investigations, police culture, training and recruitment. For at least the past decade, the system designed to protect the Department from corruption minimized the likelihood of uncovering it.[1]

(b) From 2002 through 2010, in 92 percent of the substantiated cases referred to the NYPD by the CCRB, the NYPD did not follow the CCRB's recommendation that officers with substantiated claims of misconduct be disciplined with the most serious penalty of charges and specifications.[2] In 2012, the NYPD issued only verbal or written "instructions" to the subject officer in 62 percent of the substantiated complaints referred to them by the CCRB, and declined to take any action whatsoever in 21 percent of such cases.[3]

57. Defendant CITY had actual or constructive notice of its failures to train, supervise and discipline its employees. This is because Defendant knew that it was foreseeable that officers would confront situations requiring knowledge of free speech rights, determining appropriate levels of force to used on persons in police custody and probable cause and that

---

[1] Mollen Commission Report, p 2-3, *available at* http://www.parc.info/client_files/special%20Reports/4%20-%20Mollen%20Commission%20-%20NYPD.pdf
[2] "Diminished Accountability: How Discipline for Police Misconduct is Downgraded by the NYPD", Citizens Union of the City of New York, March 2012, *available at*
http://www.citizensunion.org/www/cu/site/hosting/Reports/CUReport_AccountabilityPoliceMisconduct.pdf
[3] CCRB Annual Report 2012, *available at*
http://www.nyc.gov/html/ccrb/downloads/pdf/ccrb_pr_2012_annual_report.pdf

without the necessary training, supervision and discipline, constitutional violations would result. Yet Defendant CITY chose not to provide such training, supervision and discipline.

58.     This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the named and unnamed Defendants to engage in the conduct which proximately and directly caused Plaintiff's injuries and damages set forth above.

### THIRD CAUSE OF ACTION
(Individual Supervisory Liability
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986)

59.     The Plaintiff DWAYNE THOMPSON hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

60.     The individual supervisory Defendants, were, at all relevant times, supervisory personnel in the NYPD, with oversight responsibility for the training, instruction, supervision and discipline of the named and unnamed individual police officer Defendants who deprived Plaintiff of his federal constitutional rights.

61.     The individual supervisory Defendants knew or should have known that the individual Defendant police officers including but not limited to POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS were arresting citizens without proper cause, lodging false charges against civilians, conducting unreasonable and retaliatory seizures, using excessive force, false arrests and depriving civilians of their due process of law.

62.     The individual supervisory Defendants were personally involved in failing to take preventative and remedial measures to guard against such constitutional deprivations, such that Plaintiff would not be injured. The supervisory Defendants knew, or in the exercise of due

diligence, should have known, that the actions taken against Plaintiff by POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS and the unnamed individual police officer Defendants was likely to occur.

63. The failure of the individual supervisory Defendants to train, supervise and discipline POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS and the unnamed individual police officer Defendants amounted to gross negligence, deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to Plaintiff set forth above.

## FOURTH CAUSE OF ACTION
(New York State Constitutional Violations)

64. The Plaintiff DWAYNE THOMPSON hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

65. Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights:

    (a)    freedom to engage in protected speech;
    (b)    freedom from unreasonable seizure of his person;
    (c)    freedom from unreasonable use of force on his person;
    (d)    freedom from arrest without probable cause;
    (e)    freedom from the use of excessive force;
    (f)    freedom from cruel and unusual punishment;
    (g)    freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff is aware and to which he did not consent;
    (h)    freedom from deprivation of liberty without due process of law; and
    (i)    equal protection, privileges and immunities under the laws.

66. Defendants' deprivation of Plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## FIFTH CAUSE OF ACTION
(False Arrest)

67. The Plaintiff DWAYNE THOMPSON hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

68. Acting under color of law, Defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's arrest without probable cause or other legal justification.

69. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
(False Imprisonment)

70. The Plaintiff DWAYNE THOMPSON hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

71. Acting under color of law, POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS and CITY unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion or other legal justification.

72. Plaintiff was conscious of, and did not consent to, his confinement.

73. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
(Malicious Prosecution)

74. The Plaintiff DWAYNE THOMPSON hereby re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

75. Acting under color of law, Defendants, POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN, POLICE OFFICER ADRIAN J. RAMOS, JOHN DOE No. 1, JOHN DOE No. 2 and CITY, commenced and continued, and/or caused to be commenced and continued, a criminal prosecution against plaintiff that was lacking in probable cause, instituted in malice, and which ultimately terminated in plaintiff's favor.

76. Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

### EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

77. The Plaintiff DWAYNE THOMPSON hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

78. The individual Defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN, POLICE OFFICER ADRIAN J. RAMOS, JOHN DOE No. 1 and JOHN DOE No. 2 by their aforementioned acts, did intentionally, willfully, and knowingly cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

79. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

### NINTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

80. The Plaintiff DWAYNE THOMPSON hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

81. The individual Defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS, JOHN DOE No. 1 and JOHN DOE No. 2 by their aforementioned acts, did negligently cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

## TENTH CAUSE OF ACTION
(Negligence of the Individual Defendants)

82. The Plaintiff DWAYNE THOMPSON hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

83. The individual Defendants POLICE OFFICER EDWARD A. WASHA, POLICE OFFICER JOSE GORDIAN and POLICE OFFICER ADRIAN J. RAMOS, JOHN DOE No. 1 and JOHN DOE No. 2by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

    (a) failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances;
    (b) carelessly and recklessly used force that was excessive to the situation causing the plaintiff personal injury;
    (c) carelessly and recklessly seized and detained Plaintiff; and
    (d) carelessly and recklessly arrested and detained Plaintiff without a warrant or probable cause.

84. The negligent actions of the individual Defendants directly and proximately caused Plaintiff's injuries and damages set forth above.

**WHEREFORE,** Plaintiff demands the following relief against Defendants, jointly and severally:

(a) a judgment declaring the actions and conduct of Defendants unconstitutional;

(b) full and fair compensatory damages including his damages suffered due to humiliation, pain and suffering, and mental anguish in an amount to be determined by a jury;

(c) punitive damages in an amount to be determined by a jury;

(d) reasonable attorney's fees and costs and disbursements of this action;

(e) pre- and post-judgment interest; and

(f) such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

A jury trial is hereby demanded.

Dated: Bronx, New York
       February 11, 2014

Yours, etc.,

RICHARD L. GIAMPA, ESQ., P.C.
Attorney for the Plaintiff
DWAYNE THOMPSON
860 Grand Concourse, Suite 1H
Bronx, New York 10451
(718) 665-7700
